USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK LOUIS,

                               Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR
BARRERE, POLICE OFFICER DETECTIVE VELEZ,
POLICIE OFFICER OTIS CASEY,

                               Defendants.
------------------------------------------------------------X

**STIPULATION & ORDER OF CONFIDENTIALITY**
07 CV 9809 (AKH)

**WHEREAS,** plaintiff Patrick Louis has sought certain documents from defendant officers David Velez and Otis Casey concerning said defendant officers' personnel records pursuant to plaintiff's discovery demands in this action; documents which defendants deem confidential; and

**WHEREAS,** defendants object to the production of this information unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY ORDERED,** as follows:

1. As used herein, without waiving any objections defendants might seek to interpose regarding production of this information, "Confidential Materials" shall mean: (1) any above-mentioned defendant officer's performance evaluations and any other personnel records; and (2) any other documents that may, during this litigation, be designated as "Confidential Materials" by defendants. Such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

1

3. Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b. Disclosure is made for plaintiff's eyes only and the documents described in Paragraph 1 are not to be shared, disclosed or distributed with any individual who is not a party to this litigation.

c. Disclosure before trial may be made to an investigator who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, or to the Court.

d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such portion of the testimony, together with such portion of any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, ~~those portions of the papers shall be delivered to the Court~~ the Court's direction will be obtained before filing ~~enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:~~

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including such portion of all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

7. Nothing in this Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
April 11, 2008

Cynthia Conti-Cook, Esq.
Stoll, Glickman & Bellina, LLP
*Attorneys for Plaintiff*
71 Nevins Street
Brooklyn, New York 11217

By: _____
CYNTHIA CONTI-COOK

MICHAEL CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Room 3-199
New York, New York 10007

By: _____
CAROLINE CHEN
Assistant Corporation Counsel
Special Federal Litigation Division

8. Plaintiff reserves his right to object to defendants' designation of materials as "confidential", and, after trying to resolve any differences in good faith, reserves his right to move the Court to inquire as to the good cause basis for such designation.

SO ORDERED: as modified

_____
ALVIN K. HELLERSTEIN, U.S.D.J.
5/8/08

4

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Order dated _____, 2008, entered into the action entitled *Patrick Louis v. City of New York, et al.*, 07 CV 9809 (AKH), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____   Signature: _____

Print Name: _____

Occupation: _____